IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURTIS GARNER, | : | |
| | : | |
| Petitioner, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | |
| | : | |
| PHILADELPHIA PRISON SYSTEM, | : | NO. 15-4879 |
| et al., | : | |
| | : | |
| Respondents. | | |

## ORDER

**AND NOW**, this 14th day of July, 2016, upon consideration of the petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. No. 1), and after review of the well-reasoned Report and Recommendation (Doc. No. 13) of the Honorable Linda K. Caracappa, United States Chief Magistrate Judge, **IT IS HEREBY ORDERED** that:

1. Upon *de novo* review, the petitioner's Objections (Doc. No. 20) are **OVERRULED**.[1]

---

[1] Mr. Garner's Objections (Doc. No. 20) do not raise any arguments which would compel me to deny Judge Caracappa's Report and Recommendation. First, Mr. Garner may not seek § 2241 habeas relief on the basis of Pa. R. Crim. P. 600 since this claim does not set forth a violation of Mr. Garner's federal constitutional rights. 28 U.S.C. § 2241(c)(3)(stating that a petitioner seeking relief pursuant to § 2241 must show that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."); Blackwell v. Larkins, No. CIV.A.97-1999, 1998 WL 401752, *5 (E.D. Pa. July 6, 1998)("The contention that the petitioner has been denied a speedy trial under Pa. R. Crim. P. 1100 [since renumbered Rule 600] does not state a claim under the United States Constitution because Rule 1100 is not coextensive with the constitution right to a speedy trial."); Kim v. Klem, No. CIV.A.03-1628, 2003 WL 22204549, *5 (July 31, 2003)("Initially, it is noted that to the extent petitioner alleges a violation of Pennsylvania Rule of Criminal Procedure 1100 (since renumbered Rule 600) . . .the Court may not address the merits of his claim because it is not cognizable in a habeas petition."). Accordingly, this claim is not cognizable under 28 U.S.C. § 2241 and I will dismiss this claim with prejudice.
   Second, Mr. Garner is required to bring his conditions of confinement claims under 42 U.S.C. § 1983 instead of § 2241. Quero v. Hufford, No. CIV.A.11-238, 2011 WL 2414327, *5 (M.D. Pa. May 18, 2011)("Challenges to conditions of confinement are not within the scope of habeas corpus."); Leslie v. Att'y Gen. of U.S., 363 F. App'x 955, 958 (3d Cir. 2010)(holding that the petitioner's § 2241 habeas petition "was not the proper

2.      The Report and Recommendation is **APPROVED AND ADOPTED**.

3.      The petition for writ of *habeas corpus* is **DISMISSED without prejudice** as to petitioner's unexhausted claim and **DISMISSED with prejudice** as to petitioner's non-cognizable claims.

4.      There is no probable cause to issue a certificate of appealability.

The Clerk of Court is directed to mark this case **CLOSED** for statistical purposes.

BY THE COURT

 */s/ Lawrence F. Stengel*
LAWRENCE F. STENGEL, J.

---

vehicle to raise his [conditions of confinement] claims."). Therefore, I will dismiss with prejudice all of the conditions of confinement claims set forth in Mr. Garner's § 2241 petition.

    Finally, with respect to Mr. Garner's federal speedy trial claim, review of the state court record reveals that Mr. Garner's speedy trial claim was not exhausted in state court. Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000)("Although there is no statutory exhaustion requirement attached to § 2241, we have consistently applied an exhaustion requirement to claims brought under § 2241."); Coady v. Vaughn, 251 F.3d 480, 488 (3d Cir. 2001)("The habeas petitioner has the burden of proving exhaustion of all state remedies."). Moreover, I find no extraordinary circumstances which would allow me to intervene at this point. Rice v. State of Pennsylvania, No. CIV.A.16-767, 2016 WL 3287573, *3 (Apr. 26, 2016)("[I]f the petitioner has not sought to avail himself of state court remedies, the federal court must not exercise jurisdiction at the pretrial stage absent "extraordinary circumstances.")(internal citations omitted); Moore v. DeYoung, 515 F.2d 437, 446 (3d Cir. 1975)(declining to find the alleged denial of petitioner's right to a speedy trial an "extraordinary circumstance."). Mr. Garner must first exhaust his state court remedies before I can evaluate the merits of his speedy trial claim. Accordingly, I will dismiss without prejudice Mr. Garner's speedy trial claim as unexhausted.

2